VILLAGE LAW § 4-400 (1[h]); FORMER VILLAGE LAW § 80
VILLAGE DEPUTY MAYOR
It is mandatory that the mayor of a village appoint a deputy mayor; the appointment may be revoked by the mayor prior to the expiration of the official year in which it was made; and if it is revoked, or the position otherwise becomes vacant, then the mayor must make a new appointment of a successor.
Hon. Doris F. Ulman Village Attorney, Spring Valley
We acknowledge receipt of your letter asking whether it is mandatory for a village mayor to appoint a deputy mayor and inquiring whether an appointment as deputy mayor may be revoked prior to the expiration of the official village year in which the appointment was made.
Village Law § 4-400 subdivision 1 paragraph h provides, in part, as follows:
"1. It shall be the responsibility of the mayor:
* * *
 h. to appoint one of the trustees as deputy mayor at the annual meeting, who, during the absence or inability of the mayor, is vested with all the powers and may perform all the duties of the mayor;
* * *
The former Village Law § 80, which related to powers and duties of a village mayor, provided, in part, as follows:
"§ 80. Mayor
* * *
 "At the annual meeting the mayor shall appoint one of the trustees as deputy mayor, who during the absence or inability of the mayor is vested with all the powers and may perform all the duties of the mayor * * *."
The expression "deputy mayor" which appears in the quoted section 80 of the former Village Law was first adopted by an amendment to the section by Chapter 60 of the Laws of 1966. Prior thereto the expression used was "acting mayor." That chapter made no other alteration in the section. We construe the amendment to be a modernization of the statute rather than a change in its meaning. Consequently, we feel that an opinion appearing in 11 Opns St Comp 566 still expresses the law. The opinion provides, in part:
 "(3) Section 80 of the Village Law requires the mayor to appoint one of the trustees as acting mayor, at the annual meeting. The acting mayor is vested with all the powers and may perform all the duties of the mayor, during the absence or inability of the mayor.
 "It would seem that the office of acting mayor is similar to the position of a deputy. In the case of the deputy, the court has stated as follows:
 `The function of a deputy possessing the power, as he does under certain circumstances, to act as if he were himself the actual incumbent of his principal's office implies a correlative duty and right on the part of the principal to exercise an unfettered personal selection in the appointment of such a subordinate, and also a corresponding freedom in exercising the power of removal whenever his confidence in the integrity, capacity, trustworthiness or adaptability of his subordinate is in the least shaken.' (People
v. Barker, 1895, 14 Misc. 360, 35 N.Y.S. 727.)
 "Therefore, the vilage mayor may revoke his original appointment of an acting mayor at any time and appoint another trustee to that post."
In our opinion, it is mandatory that the mayor of a village appoint a deputy mayor; the appointment may be revoked by the mayor prior to the expiration of the official year in which it was made; and if it is revoked, or the position otherwise becomes vacant, then the mayor must make a new appointment of a successor.